UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 09-00279-06 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| DWIGHT D. JACKSON | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

On May 15, 2013, the United States Court of Appeals for the Fifth Circuit vacated and remanded this matter for a reevaluation of Defendant Dwight D. Jackson's ("Jackson") request for relief under 18 U.S.C. § 3582(c)(2). See Record Document 573. The Fifth Circuit held that this court abused its discretion by failing to conduct contemporaneous review of the § 3553(a) factors. See id.

As stated in its previous order, Jackson received the benefit of a Section 3553(e) motion at the time of his original sentencing. See Record Documents 332 & 360. Jackson had pled to a drug conspiracy and was facing a statutory sentence of 10 years (120 months) to life. His guideline range was 135 to 168 months. In its Section 3553(e) motion, the Government stated:

> The intent of this filing is to allow the Court, if this motion is granted, to depart downward from that guideline range and below the 120 months mandatory minimum. The Government recommends at least a 2 year or 24 months reduction from the bottom of his guideline range of 135 months, to perhaps a sentence of 111 months.

Record Document 332 at 2. After considering the Section 3553(e) motion and the Section 3553(a) factors, the Court granted the Government's motion and imposed a sentence of 110 months. See Record Documents 360 & 361.

Under the Fair Sentencing Act of 2010, Jackson's recalculated guideline range of imprisonment is 108 months to 135 months. On remand, this Court makes clear that it has now contemporaneously considered Jackson's request for relief under Section 3582(c)(2),

including the recalculated guideline range of imprisonment; the arguments set forth in the Government's Section 3553(e) motion; the Section 3553(a) factors; and the Pre-Sentence Report. The Court will not grant further relief under Section 3582(c)(2) in this matter, as the previously imposed sentence remains appropriate in light of the record as a whole. In fact, nothing presented in connection with Jackson's request for relief under Section 3582(c)(2) has changed the result of this Court's prior evaluation of the Section 3553(a) factors. Accordingly, the Court will not reduce Jackson's sentence of 110 months further.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 30th day of July, 2013.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE